REGAN, Judge.
Plaintiff, Melanie Schmidt, Dr. George de Reyna’s lessee, instituted this suit against his insurer, the defendant, Indemnity Insurance Company of North America, endeavoring to recover $11,000, representing personal injuries and medical expenses incurred as a result of a fall in the premises designated by the municipal number 2703 North Derbigny Street. She insists that her fall resulted from the worn and defective condition of a sill located therein and that she was free from fault when the accident occurred.
The defendant answered and denied that the sill was defective and thus asserted that its insured was free of fault; it then maintained that the plaintiff was negligent in that she failed to exercise care in walking over the sill; in the alternative, it pleaded her contributory negligence.
From a judgment dismissing the plaintiff’s suit, she has prosecuted this appeal.
The record discloses that the plaintiff had been residing in one half of this double house for about twenty-eight years and that the kitchen therein was elevated to the extent of approximately seven inches above the floor of an adjoining hall, thereby forming what the litigants have referred to as a “step.”
*290 On September 20, 1958, at approximately 3 :30 p. m. the plaintiff fell into the hall as she was leaving the kitchen and as a result thereof fractured her right ankle.
The plaintiff concedes that the only thing wrong with the top part of the “step” or sill was that it was worn from normal usage, but it was not weak nor structurally unsound and she had walked over it for many years.
In explaining how the accident occurred, as we understand her testimony which is somewhat difficult to comprehend, she stated in substance that she fell because she simply stepped too far toward the edge of the sill. The plaintiff was the only person who testified as to the manner in which the accident occurred.
The trial judge obviously found as a fact that the plaintiff’s injuries were not proximately caused by a defect of the sill or “step.”
The only question posed for our consideration by virtue of this appeal is whether that finding of fact is so erroneous and unsupported by the evidence inscribed in the record as to warrant a reversal by us.
We have carefully reviewed the record and examined the sill which was offered in evidence, and we are of the opinion that the conclusion reached by the trial judge is correct.
The jurisprudence of this state is well settled to the effect that the lessor is not liable for the lessee’s injuries unless they were proximately caused by a defect in the premises.
We are convinced that the fall was one of the many household accidents which occur each day and which are caused through the legal fault of no one. The testimony of the plaintiff is very vague and nebulous since she was really unable to explain with certainty that the sill was the motivating cause of her unfortunate accident. Of course, her guess is that the worn or rounded edge thereof caused her to fall, however, the evidence adduced herein does not warrant that conclusion.
In considering the merits of similar litigation, which occurred approximately nineteen years [1] ago, we very pertinently wrote that:
“ * * * While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. * * * We take cognizance of the fact that there is rarely a house which does not contain some minor defect of construction or which does not become slightly imperfect through use or from conditions of the soil. Imperfections exist * * *, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Chaix v. Viau, La.App., 15 So.2d 662 (1943).