224 So.2d 42 (1969)
Fred B. KING et ux., Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 7668.
Court of Appeal of Louisiana, First Circuit.
May 26, 1969.
Rehearing Denied July 2, 1969.
Joseph F. Keogh, of Franklin & Keogh, Baton Rouge, for appellant.
Warren L. Mengis, of Mengis & Durant, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
Fred B. and Merle N. King, husband and wife, bring this suit against Allstate Insurance Company, the general liability insurer of their lessor, the Estate of J. C. Bueche, Sr., seeking to recover damages for personal injuries sustained and medical expenses incurred as the result of an accident on the leased premises wherein Mrs. King suffered second and third degree burns on her arms, stomach and back when allegedly she was struck by scalding water escaping *43 from a rupture in the hose she was using to fill her wringer type washing machine. Suit was brought against the insurer on the allegation that a defect in the hot water heater supplied by the lessor allowed the water in the tank to overheat and caused the hose to burst. From judgment in favor of plaintiffs, defendant prosecutes this suspensive appeal. For the following reasons the judgment is reversed.
The record discloses that plaintiffs had leased a home from defendant's insured for several years prior to the accident; that the hot water heater supplied by the lessor had on occasion overheated the water with the result that several times prior to the accident the temperature and pressure release or safety valve had been activated; and finally, that lessor made several attempts to repair the hot water heater including replacement of the safety valve and installation of a new thermocouple on the pilot light. An expert plumber examined the hot water heater after the accident (it was not used in the intervening period) and the only malfunction noted was an extremely high pilot flame. It was 2-2½ inches in height instead of the normal 1-1½ inches. This expert testified that over an unspecified period of time this flame could heat the water in the 30 gallon tank to a temperature in excess of 140 F., which was said to be the maximum a normal domestic water heater should heat water. Tests on the temperature and pressure relief valve showed that the valve would open, that is the fusible plug would melt, at 206.6 F. thereby allowing water to escape under the house.
The accident occurred early on June 21, 1966, when Mrs. King was filling her washing machine. In order to perform this task she used a six foot length of hose which she attached to a hot water spigot near the machine. She said she ran the other end of the hose behind the wringer mechanism to secure it and then down into the tub of the washer. The hose, which was less than a month old at the time of the accident, had been cut from a fifty foot length of hose given to her by a sister whose husband was a plumber. It was from ½ to 1½ inches in diameter, light green in color, with nylon cord reinforcement. Other than testimony that the hose was not a garden hose, it was not further described or its type identified. Nor was either portion of the original hose introduced into evidence, both apparently having been destroyed. After connecting the hose and turning on the water, Mrs. King turned away from the machine to attend other chores. At that moment she heard a "poof" or "boom", saw flames and smoke coming from the base of the hot water heater and was struck by the hot water. The testimony revealed that the water was coming from a 1½ inch lengthwise rupture located about midway the length of the hose.
The trial court, in written reasons for judgment, found that the hot water heater was defective in that it would heat water to a temperature in excess of 140 F. Then, considering the causal relationship between this defect and Mrs. King's injuries, the court held that it was more likely than not that the hose was caused to split or rupture by the abnormally high temperature of the water.
The legal rules controlling this matter are well established. An owner-lessor is strictly liable for injuries suffered by a tenant which are caused by a defective condition of the premises. LSA-C.C. Article 2695; Anslem v. Travelers Insurance Company, La.App., 192 So.2d 599; Morgan v. American Indemnity Company, La.App., 180 So.2d 429. In order to enforce this strict liability the injured lessee mut prove by a preponderance of the evidence that the injuries were proximately caused by the defective condition. Schmidt v. Indemnity Insurance Company of North America, La.App., 143 So.2d 289; Davilla v. Richardson, La.App., 120 So.2d 293.
In the present case, assuming arguendo that the hot water heater was defective, the question becomes, did this defect *44 cause Mrs. King's injuries? We do not feel that plaintiffs have proved this relationship.
Though it is probable from the record before us that the water introduced into the hose from the hot water heater was heated to a temperature between 140 F. and 206.6 F., there is not one scintilla of evidence which tends to prove that Mrs. King's hose or any hose, for that matter could be ruptured by water heated to some point between the above mentioned extremes. When considered with the fact that the type hose employed by Mrs. King was not definitely proved, though certainly such proof would appear to have been within plaintiffs' grasp since the hose was given to her by her sister who got it from her plumber-husband's stock, there is no basis on which it can be assumed that the particular hose used could have been ruptured by overheated water. In fact, the contrary conclusion would appear at least as possible, inasmuch as plaintiffs vigorously contend that the hose was not an ordinary plastic garden hose, but rather one of special construction. Moreover, there is absolutely no showing that the heat of the water could have produced pressure sufficient to cause the hose to burst. Thus, though the premises furnished plaintiffs by defendant's insured may have been in a defective condition due to a defect in an appliance, it has not been proved that the defect was a cause of the injuries sustained by plaintiff. In finding otherwise the trial court was in manifest error.
For the foregoing reasons the judgment appealed is reversed and set aside and judgment is rendered herein in favor of the defendant, Allstate Insurance Company, and against plaintiffs, Fred B. and Merle N. King, dismissing their demands. Plaintiffs-appellees are cast for all costs.
Reversed and rendered.