306 So.2d 801 (1975)
Harold E. POLLARD et ux., Plaintiffs-Appellees,
v.
John W. ROBERTS dba Shady Grove Trailer Park, et al., Defendants-Appellants.
No. 12466.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
*803 Mayer & Smith by Paul R. Mayer, Shreveport, for defendants-appellants.
James B. Wells, Bossier City, for plaintiffs-appellees.
Before BOLIN, PRICE and DENNIS, JJ.
DENNIS, Judge.
This is a suit by the owners of a house trailer against their landlord, the owner of a trailer park, to recover for damage to the trailer resulting from a falling tree.
The defendant and owner of the trailer park, John W. Roberts, entered an agreement with Charles R. Young whereby Young cut down a tree near the Pollard trailer for the agreed sum of $75. The tree was dead and Pollard had complained about its limbs dropping on his trailer. Young was also a resident of the trailer park and an employee of the State Highway Department. He was engaged in an occupation unrelated to tree surgery but had previously cut down two other trees in the park for its owner. Young attempted to make the tree fall away from the trailer by placing stress on a line affixed to the top of the tree and to his car, and by cutting on the opposite side of the tree from the trailer with a chain saw. However, as the tree fell, it twisted on its stump, broke the line, and hit the trailer. The court below rendered judgment in favor of plaintiffs in the amount of $753.60 for damage to the trailer, return of rental, and appraisal expenses.
Defendant appealed contending the trial court's judgment should be reversed because Young was an independent contractor, for whose negligent acts defendant was not responsible, and alternatively, because plaintiffs were contributorily negligent and assumed the risk. We find no error in the trial court decision and affirm its judgment.
Upon careful review of the record, we have concluded there was not sufficient evidence to find that Young was negligent in cutting down the tree. It is common knowledge that the path of a falling tree is often unpredictable despite all precautions, and in the absence of any evidence that the methods or equipment used by Young were unreasonable or insufficient, we must conclude that he was not guilty of carelessness which was a cause of the accident. Thus it is unnecessary for us to consider whether Young was an independent contractor or whether an independent contractor's negligence may be imputed to his principal in this situation.
*804 The Civil Code articles relating to the obligations of lessors provide the governing principles for this case. In pertinent parts, these provide:
"Art. 2692. The lessor is bound from the very nature of the contract, and without any clause to that effect:
1. To deliver the thing leased to the lessee.
2. To maintain the thing in a condition such as to serve for the use for which it is hired.
3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.
* * * * * *
"Art. 2695. The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."
Under the Code articles an ownerlessor is strictly liable for loss suffered by a tenant which is caused by a vice or defect of the premises. King v. Allstate Insurance Company, 224 So.2d 42 (La.App., 1st Cir. 1969); Anslem v. Travelers Insurance Company, 192 So.2d 599 (La.App., 3d Cir. 1966); Morgan v. American Indemnity Company, 180 So.2d 429 (La.App., 1st Cir. 1965); Joyner v. Aetna Casualty & Surety Company, 240 So.2d 545 (La.App., 2d Cir. 1970), amended 259 La. 660, 251 So.2d 166 (1971). Moreover, a lessor's obligations extend beyond the building or space actually occupied by the tenant and encompass all features of the premises available to the lessee. Bates v. Blitz, 205 La. 536, 17 So.2d 816 (1944); Joyner v. Aetna Casualty & Surety Company, supra; Sabin v. C & L Development Corporation, 141 So.2d 482 (La.App., 1st Cir. 1962); Estes v. Aetna Casualty & Surety Company, 157 So. 395 (Orl.App.1934).
It was established that the tree was rotten, that its dead limbs had been falling on the trailer, and that its removal was essential to the safe and comfortable use of the leased premises. From these facts and the photographs in evidence depicting the fallen tree and damaged trailer, we are convinced the tree originally stood within either the space occupied by plaintiffs or a common area available for their use. The fallen tree completely demolished one end of the trailer, leaving its inside exposed, and forcing plaintiffs to seek shelter elsewhere. We conclude the fallen tree constituted a vice or defect against which the defendant guaranteed the plaintiffs; and that the defendant failed to maintain the premises in a serviceable condition for the use contemplated by the parties to the lease. Therefore, the defendant is responsible under Civil Code Articles 2692 and 2695 in strict liability for the damage to the trailer, unless plaintiffs' recovery is barred by the defense of assumption of risk or contributory negligence.
Defendant testified that before the tree was felled he and Pollard discussed the danger involved, decided to take the risk of harm to the trailer rather than move it, and agreed to bear the burden equally if any damage occurred. Plaintiffs denied the existence of any such agreement. The trial judge did not assign written reasons, but apparently chose to believe the Pollards and reject Roberts' testimony on this issue. We conclude there was sufficient evidence to support his finding of fact.
Pollard admitted he knew that Roberts was going to have the tree removed and that he appreciated some danger would be presented. However, he was not present when Young began to cut the tree, and contended he was unaware beforehand of exactly when and how the tree would be *805 removed. Mrs. Pollard was in the trailer at the time Young was cutting down the tree, but there is virtually no evidence that she appreciated the risk involved to the trailer.
Assumption of risk is a defense to strict liability in Louisiana, Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971), but the trial judge correctly rejected it in this case. Assumption of risk means, in its simplest sense, that plaintiff, in advance, has given his consent to relieve defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what defendant is to do or leave undone. The defense of assumption of risk is in fact quite narrowly confined and restricted by two requirements: first, that plaintiff must know and understand the risk he is incurring, and second, that his choice to incur it must be entirely free and voluntary. Langlois v. Allied Chemical Corporation, supra; Symposium, Assumption of Risk, 22 La.L.Rev. 1-166; Prosser, Law of Torts, p. 440, 447 (4th Ed. 1971). Furthermore, the burden of proving the affirmative defense of assumption of risk is on the defendant. Langlois v. Allied Chemical Corporation, supra.
In the instant case, the trial court apparently and justifiably concluded that Pollard, who was not present when the tree was cut down, was unaware of the risk. Mrs. Pollard was present but defendant did not prove that she knew and understood the risk or made a free and voluntary choice to subject the trailer to the risk.
Defendant is not entitled to assert the defense of contributory negligence. In Langlois, supra, the Louisiana Supreme Court stated the defense of contributory negligence presupposes original negligence on the part of the defendant. Since it found the defendant in that case had injured plaintiff by its fault as analogized from the conduct required under Civil Code Article 669, requiring the imposition of strict liability, the Court held that negligence was not an ingredient of fault in that case and contributory negligence was not a defense. In the instant case the lessor's responsibility is created by the contract of lease as enhanced by the obligations provided by Civil Code Articles 2692 and 2695, the breach of which also justifies imposition of strict liability. Therefore, for the same reason as stated in Langlois, i.e., that negligence is not an ingredient of the lessor's fault, contributory negligence cannot be a defense in this case.
However, unlike Civil Code Article 669, Civil Code Article 2695 states that the lessor guarantees the lessee against all the vices and defects of the thing leased, "provided they do not arise from the fault of the lessee". As it is used in this context it appears that "fault" means something akin to negligence, and we conclude that if the lessee has been guilty of negligence, which causes or gives rise to the vice or defect, he may not recover. But it is only in this limited instance in which the lessee's negligence will bar his recovery under Article 2695. Otherwise, his contributory negligence is not a defense because negligence is not an ingredient necessary to the lessor's responsibility under the article.
Defendant argues that plaintiffs' failure to take the precaution of moving the trailer before the tree was cut down constitutes negligence or fault and urges this as a defense. However, if this omission amounted to negligence, it did not cause or give rise to the vice or defect in the premises which resulted in loss to the lessees, viz., the decayed condition of the tree and its fall on the trailer. Therefore, the vice or defect in the leased premises did not arise from the fault of the lessees, and the lessor is bound to indemnify them for their loss resulting from the vice or defect. Civil Code Article 2695.
The judgment of the trial court is affirmed, and the cost of the appeal is assessed to appellants.
Affirmed.