BOUTALL, Judge.
Plaintiff, Anthony Ambrosia, filed suit against his landlord and his landlord’s insurer for personal injuries received in a fall on the leased premises. The trial court found in favor of the landlord, holding him free from fault and dismissing *560 plaintiff’s suit. Plaintiff now appeals and we affirm.
The facts show that Ambrosia leased one half of a “shotgun” house from the Gar-retts. The lease was oral and on a month to month basis. Ambrosia was moving out of the house when the accident occurred. He and a friend were taking the last of his possessions from the house on a cart. A fan on the cart started to fall and as Ambrosia stepped back to avoid the fan his foot and leg went through the flooring. Ambrosia injured his back and leg in the fall.
Ambrosia states that he did not know of this defect in the floorboards because the floor was covered with linoleum. The weak spot was close to the wall and Ambrosia had kept a trunk over that spot.[1] The evidence clearly shows that the Gar-retts had no knowledge of the defective floor because Ambrosia had refused to allow then to inspect the house. On at least three occasions the Garretts had sent an inspector to the house to check for defects and needed repairs.[2] On each occasion Ambrosia had turned the man away with various excuses. He often told the inspector that if anything was wrong with the house he would fix it himself.
This case falls within the purview of RCC Article 269S.[3] The trial court dismissed Ambrosia’s claim on the grounds that his refusal to allow inspections constituted “fault” within the meaning of the article.
RCC Article 2695 imposes strict liability upon a lessor for any injuries to the lessee caused by defects in the premises. However, the lessor can exonerate himself if he shows that the defect arose through the negligence of the lessee. Pollard v. Roberts, 306 So.2d 801 (La.App. 2nd Cir. 1975).
Ambrosia attempts to show that none of the recognized defenses to a strict liability claim apply to the facts in this case. The case of Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971) has struck out the defense of contributory negligence. The facts do not support a defense of assumption of the risk since it is uncontested that neither lessor nor lessee knew of the existence of the defective floorboards. There were no other affirmative defenses pleaded.
Defendants defense consists of the plea that Ambrosia willfully and actively kept then from ascertaining if the building was defective by refusing to allow inspections. They assert that this action constitutes fault on Ambrosia’s part barring his recovery.
The facts are plain that Ambrosia did keep defendants from inspecting their building. The attempts at inspection and repair were not mere formalities because the record shows that defendants inspected and repaired the other half of the shotgun house and even repaired Ambrosia’s roof by reaching it from the other side.
We hold, as did the trial court, that Ambrosia’s actions free defendants from liability. It is not possible under the facts of this case to pigeonhole or name this defense. The Civil Code article requires *561 only that there be fault and we hold that there was fault on the part of the lessee sufficient to bar his recovery.
Ambrosia argues that there is no causal connection between his fault and the defect. While it is true that his actions of not allowing inspections did not cause the floor to decay, his actions did cause the defect to go undetected and unremedied.
As the trial court stated in its reasons for judgment, “While it (Ambrosia’s fault) may not be the physical cause of the deterioration, it is a legal cause since it effectively prevented the landlord from curing the defect.”
For the above reasons the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.

. The pictures placed in evidence by Ambrosia do not show linoleum to be covering the hole area, but only covering alongside the broken flood boards. He also testified that he noticed the bad condition of the floor when he removed the trunk.

. Ambrosia testified that he could remember three incidents involving the inspector. Mrs. Garrett and the inspector testified that there were at least six such incidents and probably more.

.Art. 2695. The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in ease it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.