Ibrahim K. KHODER, Plaintiff-Appellant,

v.

AMF, INC., and Walgreen Louisiana Company, Inc., d/b/a Globe Discount City, Defendants-Appellees.

No. 76–1569
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1976.

4. Nor has this issue been briefed by the parties.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Paul H. Due, Baton Rouge, La., for plaintiff-appellant.

Gerald L. Walter, Jr., Baton Rouge, La., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This Louisiana diversity case presents one narrow question of law to be determined on appeal: did the trial court err by instructing the jury that contributory negligence is a defense to a suit on strict liability? Finding under Louisiana law that such a defense is not permissible, we reverse and remand to the district court for a new trial.

Ibrahim Khoder, the plaintiff, purchased a new bicycle on June 27, 1973, from defendant Walgreen Louisiana Co., Inc., d/b/a Globe Discount City. Other defendants in this lawsuit included manufacturer AMF, Inc., and the Hartford Accident and Indemnity Company. The parties stipulated at trial that the seller, Globe, who held the bike out as its own product, would be considered a manufacturer for the purpose of potential liability. *See Penn v. Inferno Mfg. Co.*, 199 So.2d 210 (La.Ct.App.), *writ ref.*, 251 La. 27, 202 So.2d 649 (1967).

The injuries claimed by plaintiff occurred on August 5, 1973. On that date Khoder sustained serious head and facial injuries when he was thrown from the bike which he was riding at the time. Plaintiff contended that the injuries resulted from a defect in the bicycle. Suit brought in federal district court as a diversity action asserted a claim of strict liability. Defendants pleaded the affirmative defense of contributory negligence. The trial court charged the jury that contributory negligence was a defense in this strict liability claim. The court overruled plaintiff's objections to the charge. The jury returned a general verdict for the defendants. This appeal followed.

The doctrine of strict liability in tort has been held to apply under Louisiana law. *See, e. g., Welch v. Outboard Marine Corp.*, 481 F.2d 252, 254–256 (5th Cir. 1973); *Hastings v. Dis Tran Prod., Inc.*, 389 F.Supp. 1352, 1355 (W.D.La.1975); *Soileau v. Nicklos Drilling Co.*, 302 F.Supp. 119, 126 (W.D. La.1969); *Weber v. Fidelity & Cas. Ins. Co. of N. Y.*, 259 La. 599, 250 So.2d 754, 755–756 (1971); *Langlois v. Allied Chemical Corp.*, 258 La. 1067, 249 So.2d 133, 137–139 (1971). *See Heirs of Fruge v. Blood Services*, 506 F.2d 841, 846, nn. 6 & 7 (5th Cir. 1975).

A case of strict liability does not require any form of negligence. *Soileau v. Nicklos Drilling Co., supra*, 302 F.Supp. at 126. Essentially, the law recognized in Louisiana is quite similar to the accepted position of a majority of common law states which follow section 402A of the Restatement of Torts. *Welch v. Outboard Marine Corp., supra*, 481 F.2d at 254–255. *See Lartigue v. R. J. Reynolds Tobacco Co.*, 317 F.2d 19 (5th Cir. 1963); *Penn v. Inferno Mfg. Corp., supra*, 199 So.2d 210 (La.Ct.App.), *writ ref.*, 251 La. 27, 202 So.2d 649 (1967). The plaintiff in a strict liability action must prove

[T]hat (1) the manufacturer's product was defective; (2) the product was in normal use; (3) the product was unreasonably dangerous in that use; and (4) his injuries were proximately caused by the defect.

*Hastings v. Dis Tran Prod., Inc., supra*, 389 F.Supp. at 1355. This Court has held that strict liability in Louisiana applies to all cases involving manufactured articles. *Welch v. Outboard Marine Corp., supra*, 481 F.2d at 256.

But the specific question now before the Court is whether contributory negli-

gence is a viable defense to a cause of action based on strict liability. The trial court stated these reasons for overruling plaintiff's objections to the contributory negligence charge:

It is the opinion of this Court, in connection with the charge on contributory negligence, that this charge is in accordance with Louisiana law, as I understand it to be, because a products liability case is predicated upon a person being damaged by virtue of defect, without fault on his part. Regardless of how it is stated, it still is in reference to negligence. Fault under Louisiana law is negligence. Negligence under Louisiana law is fault. When Louisiana jurisprudence talks in terms of without fault on his part, it does invoke the doctrine of contributory negligence on the part of the defendant, and for this reason, that charge was given.

Strict liability, however, is not predicated upon a finding of negligence. *See Lartigue v. R. J. Reynolds Tobacco Co., supra,* 317 F.2d at 30–31. Fault under Louisiana law does not necessarily coincide with a negligence theory of liability. The Louisiana Supreme Court in *Langlois v. Allied Chemical Corp., supra,* specifically recognized that negligence did not have to be proved in strict liability. 249 So.2d at 138–140. Other Louisiana cases are in accord where liability has been imposed without negligence or intentional misconduct by the party liable. *See, e. g., Grigsby v. Coastal Marine Service of Texas, Inc.,* 412 F.2d 1011, 1024–1029 (5th Cir. 1969); *Craig v. Montelepre Realty Co., Inc.,* 252 La. 502, 211 So.2d 627 (1968); *Gotreaux v. Gary,* 232 La. 373, 94 So.2d 293 (1957). Portions of the Louisiana Code will also permit the imposition of liability for fault without encompassing negligence. *See* La.Civ.Code arts. 666, 667, 668, 670, 2322 and 2318–2322.

It can be seen that the reasoning of the district court for giving the charge, that "fault is negligence" and "negligence is fault," is not supported by Louisiana law. Guided as we are by *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we must therefore determine for ourselves whether Louisiana permits a defense of contributory negligence in strict liability claims.

*Langlois v. Allied Chemical Corp., supra,* involved a suit for personal injuries sustained through plaintiff's inhalation of certain toxic gases. Plaintiff was a fireman who had encountered the gas during a rescue call on property adjacent to defendant's plant. After holding defendant to be strictly liable for fault, the Supreme Court of Louisiana addressed the problem of an affirmative defense.

The defense of contributory negligence which is urged here presupposes original negligence on the part of the defendant. This case is not a case where negligence is an ingredient of fault, *and contributory negligence is not a defense.*

249 So.2d at 140 (emphasis added). Although the court concluded that assumption of risk was a valid defense, that issue is not present in the case *sub judice.* In *Pollard v. Roberts,* 306 So.2d 801 (La.Ct.App.1975), the court again recognized "that [since] negligence is not an ingredient of the lessor's fault, contributory negligence cannot be a defense in this case." *Id.* at 805. Because of a special code provision in *Pollard* not present here, the court did determine that the lessee could be barred from recovery if guilty of negligence. *See* La.Civ.Code art. 2695. *Pollard* involved a suit by a lessee of trailer park space against the park's owner for damages to lessee's trailer resulting from a falling tree. The court there recognized a general prohibition against a defense of contributory negligence.

A federal district court sitting in the Western District of Louisiana has addressed this question. *Hastings v. Dis Tran Prod., Inc., supra,* 389 F.Supp. 1352 (W.D.La.1975). There a power linesman sued for recovery against the manufacturer of a metal strap used to connect two power lines to the substation. The metal strap cracked and collapsed due to a defect, causing plaintiff to fall forty feet to the ground. Recognizing Louisiana's adaptation of strict liability and the jury's finding to that effect, the court turned to the issue of whether ordi-

nary contributory negligence would bar recovery. Defendant-manufacturer in *Hastings* argued that plaintiff was negligent in failing to safety himself before attempting to tighten the power lines. If he had safetied himself, plaintiff would not have fallen to the ground after the metal strap gave way.

The court in *Hastings* recognized that the section 402A, comment (n) of the Second Restatement of Torts would not permit contributory negligence as a defense when this negligence amounted to a failure to discover a defect or to guard against its possible existence. Further the court stated that contributory negligence in the sense of a failure to use ordinary care for one's own safety (the ordinary prudent person test) would not be a bar to strict liability recovery. 389 F.Supp. at 1356. *Hastings* recognized that the Louisiana Supreme Court in *Langlois* reached the same result as the Restatement without expressly adopting the Restatement's position.

> Langlois surely suggests that contributory negligence, as determined objectively under the reasonable man standard, is not a defense.

389 F.Supp. at 1357. The Louisiana court in *Langlois* specifically stated that "[t]he determination of . . . contributory negligence is determined objectively under the reasonable man standard." *Langlois v. Allied Chemical Corp., supra*, 249 So.2d at 141. *See Wunstell v. Crochet*, 325 So.2d 727, 731 n. 6 (La.Ct.App.1976). *Hastings* went on to conclude that under the Louisiana law of strict liability

> 3. Contributory negligence in a broad sense—that is, of failing to use ordinary care for one's own safety (the ordinary prudent man test)—is not a defense.

389 F.Supp. at 1359. *See Bradco Oil & Gas Co. v. Youngstown Sheet & Tube Co.*, 532 F.2d 501, 504 (5th Cir. 1976) (dictum).

■ In pertinent part, the district court herein charged the jury:

> If on the other hand, you were to conclude that the plaintiff was using the bicycle in an improper manner or that he improperly and negligently assembled the bicycle and that this was either the sole proximate cause, or was a proximate cause of his injury rather than a manufacturing defect being the total cause, proximate cause of his injury, then, the plaintiff would not be entitled to recover.

Jurors had been notified during the voir dire that defendants were asserting contributory negligence as a defense. The court's reference to an "improper use" of the bicycle in the charge goes to one of the elements that must be present before strict liability is imposed, *i. e.*, that the product was in normal use. *See Perez v. Ford Motor Co.*, 497 F.2d 82, 85–87 (5th Cir. 1974). Improper use is not a specie of contributory negligence. *See Hastings v. Dis Tran Prod., Inc., supra*, 389 F.Supp. at 1358. *See also Perez v. Ford Motor Co., supra.* But the court's reference to the issue of whether plaintiff was negligent in assembling the bicycle thrusts straight at the heart, we think, of a contributory negligence defense. The charge did not go to any subjective activity by the plaintiff recognized as an assumption of risk defense proper to counter a claim of strict liability. *See, e. g., Langlois v. Allied Chemical Corp., supra*, 249 So.2d at 140–141. Instead, the charge indicated that, if the jury found that Khoder lacked ordinary care, an objective standard, in assembling the bike and that such negligence, in whole or in part, caused plaintiff's injuries, then plaintiff would not be entitled to recover. Following what we believe the Louisiana courts would decide, and upon the reasoning of *Langlois* and *Hastings*, we hold that this jury charge was improper and not permissible under Louisiana law.

Unlike *Welch v. Outboard Marine Corp., supra*, 481 F.2d at 257, we do not have the situation where the question of contributory negligence was mooted by the jury's special interrogatory exculpating defendant from liability. Here there was only a general verdict for defendants. There is no indication whether the jury found that plaintiff failed to carry his burden of proof or whether the jury relied on plaintiff's contributory negligence, if any. In such a

case, we have no alternative than to reverse and remand for a new trial.

REVERSED AND REMANDED.