361 So.2d 312 (1978)
Lawrence WILSON, Individually, etc., et al.
v.
Charles Henry VOSS, Jr., et al.
No. 12107.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*313 Evans H. Scobee, Baton Rouge, of counsel for plaintiff-appellant Lawrence Wilson et al.
Edward W. Gray, Baton Rouge, of counsel for defendant-appellee Charles Henry Voss, Jr., et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is an action against lessors for damages which resulted from a fire at the leased premises. The lower court found that plaintiffs had assumed the risk of the harm; plaintiffs appealed.
The issues are: the status of the plaintiffs, the strict liability of the defendants, assumption of risk, contributory negligence, and the exclusion of evidence of emotional distress, mental anguish and inconvenience.
We affirm.
Rita Robertson leased a home in Baton Rouge from defendants' agents. Approximately three months later one of the plaintiffs, Mrs. Wilson, moved into the home with Ms. Robertson. Later, Mr. Wilson moved into the leased premises to join his wife and Ms. Robertson moved away. The Wilsons continued to live on the premises until the fire. All the rent that was paid by the Wilsons was paid by them in the name of Rita Robertson.
The lease contained no prohibition of the arrangement; it was permissible for Ms. Robertson to transfer her rights and duties as lessee to the plaintiffs. C.C. Art. 2725.
Plaintiffs argued that the leased premises was defective because of a malfunctioning hot water heater and that the defect was the cause of their harm. Mrs. Wilson testified that on approximately seven occasions she had seen the hot water heater ignite with a burst of flames well outside its structure. Mr. Wilson testified that he had seen this same event on at least one occasion and had been informed of the others.
Expert testimony indicated that the flames may have reached six to eight inches outside the hot water heater as a result of its poor condition. These flames evidently reached some clothing or other flammable material. It was proven that the hot water heater would not have produced flames sufficient to start the fire if it had not been defective and that the defect was a cause of the fire.
LSA-C.C. 2695 subjects lessors to strict liability to their tenants for the damages *314 caused by a dangerous defect in the thing leased. See King v. Allstate Insurance Co., 224 So.2d 42, 43 (La.App. 1st Cir. 1969); Tewis v. Zurich Insurance Co., 233 So.2d 357, 360 (La.App. 1st Cir. 1970); Pollard v. Roberts, 306 So.2d 801, 804 (La.App. 2d Cir. 1975). There is no requirement that the lessor know of the defect[1] and liability is imposed once the defect is shown to be a cause of the harm. Thus, absent a defense, the lessors would be liable to the plaintiffs.
Assumption of the risk is a defense to an action in strict liability. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Wunstell v. Crochet, 325 So.2d 727 (La.App. 4th Cir. 1976). However, it is narrowly restricted by two requirements: first, the plaintiff must know and understand the risk he is incurring, and second, his choice must be free and voluntary. Langlois and Pollard, supra; Laney v. Stubbs, 217 So.2d 468 (La. App. 1st Cir. 1968); Symposium on Assumption of Risk, 22 La.L.Rev. 1-166 (1961); Prosser, Law of Torts, pp. 440, 447 (4th Ed. 1971).
Both plaintiffs testified that they had seen the water heater spew out flames and that they knew it was dangerous. This proves their knowledge and understanding of the risk.
Of primary importance in the determination of voluntary choice is the existence of reasonable alternatives. Langlois, supra; Stone, Louisiana Civil Law Treatise Tort Doctrine, at 402 (1977). Total disuse of the water heater cannot be viewed as a reasonable alternative available to plaintiffs. Mr. and Mrs. Wilson's economic status renders less reasonable the alternatives of moving or of having the water heater repaired and deducting the costs thereof from the rent under the procedure provided in C.C. 2694. However, the plaintiffs could have complained of the defect and requested that the hot water heater be fixed. While plaintiffs testified that they had complained to the rental agency, the trial court found more credible the testimony that no notice of any kind was ever given by the plaintiffs or their predecessor. We find no manifest error in this conclusion by the trial court.
Our determination of the issues of assumption of risk makes it unnecessary to consider the questions of contributory negligence and the exclusion of evidence.
The judgment of the trial court is affirmed. Plaintiffs are cast with all costs.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 2695:

"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."