STOULIG, Judge.
Plaintiff, Neuville J. Richard, Jr.,[1] has appealed a judgment dismissing his damage suit for injuries allegedly resulting from a fall when a defectively designed ladder collapsed under him. Named defendants are Singer Lumber Company, Inc., doing business as Singer Lumber Mart, the vendor; and Croft Metal Products, Inc., the manufacturer, and its liability insurer, Prestige Casualty Company.
The issue before us is whether plaintiff proved by a preponderance of the evidence that the ladder collapsed during normal use because of improper design.
The facts are not disputed. On January 30, 1974, Grayco Signs, plaintiff’s employer, purchased through one of its agents a 6-foot aluminum household ladder from Singer primarily for the purpose of assisting the workers to climb from the ground to the elevated bed of its work truck. On March 5, 1974, plaintiff, during the course of his employment with Grayco, climbed to the fourth rung of the ladder, turned to his right and reached out approximately 1 foot above shoulder level to tighten a bolt. He placed a socketed rachet wrench over the ¥i-inch bolt and began to pull downward to tighten it. While he was in the process of doing so, the ladder began to wobble and plaintiff fell.
*956 At the time plaintiff was attempting to secure a display sign-to the bed of his employer’s truck, especially fitted for the hauling and erecting of heavy overhead signs. The bed of the truck is 24 feet long, 8 to 9 feet wide and 4 feet high. Positioned in the center is a crane that is used for raising and lowering signs. At the time of this accident, Grayco’s crew had just changed a sign and plaintiff was in the process of securing the recently lowered sign to the bed of the truck when the accident occurred.
No one actually witnessed the fall. One co-worker standing on the ground covered his head when he heard scuffling noises because he was afraid something would fall on it. Plaintiff himself did not view the ladder at the time it began to wobble because he was tightening the bolt. The ladder was placed several inches from the truck with its sides parallel thereto.
The expert testimony was either inconclusive or unimpressive. Dr. Dale Carver, chairman of the Department of Engineering Sciences at Louisiana State University, gave the opinion that the ladder could have been better braced, but he conceded that this accident could have occurred independent of any design deficiencies. He agreed that a. man on a 200-pound grade ladder (the type at issue here) creating a lateral force by turning to the right and pushing against it by applying pressure to a wrench, could create the instability that would cause a ladder to wobble. Dr. Carver explained the bended legs of the ladder were not a result of inferior material. Rather, he stated, the bending could have been caused by the weight of plaintiff falling on top of the ladder on his way to the ground.
Courtney C. Busch, qualified by plaintiff as an expert in the field of metallurgical and mechanical engineering, testified the ladder met the standards set by the American National Standards Institute; however it lacked stability due to improper design. He conceded there is no national standard by which one can gauge stability, and based his opinion on the criteria he himself established.
Frank Gray, owner of Grayco and experienced in the sign business for 20 years, testified that generally industrial ladders were used to erect signs and the work plaintiff was undertaking when he fell is usually -done while standing on the bed of the truck.
Based on this evidence we affirm the judgment of the trial court. To recover in a products liability suit, the plaintiff must prove he was without fault and his injury resulted from a defect in the design or manufacture of the product.[2] Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971), and cited cases.
In this case the record indicates plaintiff used a lightweight residential ladder in a way and for a purpose for which it was not intended. According to his own expert the lateral force exerted by plaintiff leaning to his right and the additional pressure on the ladder by tightening a bolt may have caused the ladder to wobble. It was plaintiff’s reaction to the wobble that ultimately caused his fall. Because the record fully supports the hypothesis upon which the trial court based its judgment we find no basis for reversal.
For the reasons assigned, the judgment appealed from is affirmed, all costs to be borne by appellant.

AFFIRMED.

. This case was consolidated with Aetna Insurance Company v. Singer Lumber Company, Inc., et al., La.App., 361 So.2d 957, No. 172-372 of the docket of the 24th Judicial District Court for the Parish of Jefferson. On appeal this consolidated case bears No. 9314.

. In his judgment the trial judge stated: “ * * * plaintiffs in both cases have failed to establish by a preponderance of the evidence that the product involved was unreasonably dangerous to normal use or that it was inherently defective; and further that no duty was owed plaintiff by defendant, Singer Lumber Mart, which was violated in any manner *