364 So.2d 657 (1978)
TRI-STATE INSURANCE COMPANY OF TULSA, OKLAHOMA
v.
FIDELITY & CASUALTY INSURANCE CO. OF N. Y. et al.
W. F. WATLEY
v.
FIDELITY & CASUALTY INSURANCE CO. OF N. Y. et al.
Nos. 13675, 13676.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1978.
Writ Refused December 8, 1978.
*658 Baker, Culpepper & Brunson, Jonesboro by J. Michael McDonald, Farmerville, for plaintiff-intervenor-appellant, Tri-State Ins. Co. of Tulsa, Okl.
Davenport, Files, Kelly & Marsh by Thomas W. Davenport, Jr., Monroe, for defendants-appellees, Fidelity & Cas. Ins. Co. of N. Y. and Bill Sneed d/b/a Sneed's Service Station.
Theus, Grisham, Davis & Leigh by Edwin K. Theus, Jr., for defendant-third party defendant-appellee, Budd Automotives, Inc.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
W. F. Watley, a truck driver employed by W. D. Jones, was injured when the split-rim wheel of a truck exploded while he was inflating the tire mounted on the wheel. The wheel and tire had been mounted on the truck shortly before the accident by employees of Sneed's Service Station.
Appellant, Tri-State Insurance Company of Tulsa, Oklahoma, workmen's compensation insurer of Jones, filed suit against Bill Sneed, the service station owner, and his liability insurer to recover workmen's compensation benefits paid to Watley. Appellant also intervened in a suit brought by Watley against Sneed and his insurer, Budd Automotives, Inc., alleged manufacturer of the wheel, and Frost Trailer Parts, Inc., alleged vendor of the wheel purchased by Jones. Third party demands were filed.
After trial of the consolidated suits the trial court found: (1) no negligence was established on the part of Frost; (2) no negligence was established on the part of *659 Sneed or his employees; (3) the wheel was manufactured by Budd; (4) the wheel was a dangerous instrumentality; (5) no warning was given by Budd to the general public or to people handling this equipment; and (6) Watley well knew the danger involved, knew a cage or chains were required for safety when inflating a tire on such a wheel, failed to use such safety devices, and, therefore, was contributorily negligent barring recovery by him or the workmen's compensation insurer. Judgment was rendered accordingly. Watley did not appeal. The workmen's compensation insurer appealed asserting on appeal only its claim against Budd.
Appellant contends the trial court was correct in finding that Budd manufactured the wheel and that it was unreasonably dangerous for normal use, but that the trial court erred as a matter of law in holding that Watley's contributory negligence barred recovery by him or the workmen's compensation insurer. Appellant contends contributory negligence is not a defense in a products liability or strict liability case.
Appellee Budd contends the trial court erred in finding that the wheel was manufactured by Budd and in finding that the wheel was a dangerous instrumentality. Alternatively, appellee contends that the trial court was correct in finding that recovery by appellant is barred by Watley's contributory negligence or assumption of risk.
We conclude the wheel was manufactured by Budd but that no manufacturing or design defect was proved; nor was it established that the wheel was unreasonably dangerous for normal use. We further conclude that Watley's own fault bars recovery by the appellant workmen's compensation insurer.
The logging truck Watley was driving had a flat tire. He drove the truck into Sneed's Service Station to have the tire changed. The employer Jones, a logging contractor, was a regular customer of Sneed who kept on hand several wheels and tires belonging to Jones in order to promptly service his trucks. Sneed's employees took off the flat tire and mounted another wheel and tire on the truck. Watley kicked the tire and thought it needed more air. He picked up the air hose and measured the air in the tire with a gauge attached to the hose. Finding it only had about 60 pounds and intending to inflate the tire to about 100 pounds, Watley started inflating the tire. The split-rim wheel came apart violently, sending a piece of metal from the rim into Watley's arm.
Some two or three days prior to the accident a flat tire on the wheel was repaired, the tire was remounted and inflated to approximately 80-85 pounds of pressure by Sneed's employees.
The wheel was observed after the accident by Sneed and Jones. It had "BW" stamped on it. The side rim edge appeared thin and a part of it had given way. The wheel was thrown away and was not available at trial.
The testimony of Budd's Wheel and Brake Engineering Manager established that Budd had not stamped any of its wheels with "BW" since at least 1956 when the manager went to work for Budd. Nevertheless, the Budd employee conceded a similar wheel produced at the trial was probably a Budd wheel. It was not established exactly when or where Jones acquired the wheel. He bought a truck that had Budd wheels in 1966 and bought wheels that were represented to him as Budd wheels from various distributors between 1966 and 1971, the year of the accident. The wheel was probably several years old and had been used on logging trucks for some time. There is sufficient evidence, including particularly the Budd employee's admission, to support the trial court's conclusion that the wheel was originally manufactured by defendant Budd.
It was well established that all persons concerned, the employer Sneed and his employees, and Watley, were well aware that there is a danger of split-rim wheels, particularly used ones, exploding while tires are being inflated. The normal practice of all concerned, including Watley, is to use a *660 cage or chains when inflating a tire on a split rim. While the wheel itself contained no instructions or warning label, it is clearly established that it is common knowledge among those concerned with truck tires that the usual and normal procedure is to use chains or other safeguards while inflating tires on split rims and that it is dangerous to do otherwise.
Weber v. Fidelity & Casualty Insurance Co. of N. Y., 259 La. 599, 250 So.2d 754 (1971) holds that a manufacturer is liable for injury caused by a defect in the design, composition or manufacture of a product.
The evidence does not establish that there was a manufacturing or composition defect in the wheel. The wheel was old and had been subjected to hard use. It was not recently manufactured or rebuilt as was the wheel in Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974). The side rim edge probably gave way because of rust, erosion, misuse, or lack of proper maintenance. There is no evidence that the wheel came off the assembly line with a flaw or defect. There is no duty on the part of a manufacturer to make a product that will last forever or will withstand abuse or lack of maintenance. Foster v. Marshall, 341 So.2d 1354 (La.App. 2d Cir. 1977), writ refused 343 So.2d 1067, 1077 (La.1977).
The evidence does not establish that there was a defect in manufacturing design. The wheel was of a design which is standard in the industry and has been used by Budd and other wheel manufacturers for many years. There is no duty on the part of a manufacturer to make a product that is foolproof. Foster v. Marshall, supra.
Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978) holds that in order to recover, a plaintiff need not prove defective design or manufacture if he proves he was injured by a product unreasonably dangerous for normal use.
The evidence does establish that a split-rim wheel is dangerous unless properly handled. The manufacturer's own literature so states. There was no breach of the manufacturer's duty to warn in this case, as there was in Chappuis, because here the danger and the manner of avoiding the danger were common knowledge, and were known by the injured party. The manner of avoiding the danger was not complicated or difficult and was readily available to the injured party. Normal use of this product required the use of chains or other safety devices while inflating a tire. Under the circumstances, it cannot be said that the product was unreasonably dangerous or that it was being used in a normal manner at the time of the accident. Consequently, there is no liability on the part of the manufacturer.
The foregoing discussion overlaps a discussion of the injured party's own fault. Being well aware of the danger, and of the importance of using a safety device as a normal procedure while inflating a tire on a split-rim wheel, Watley was himself at fault in failing to do so.
The key products liability cases decided by the Supreme Court, beginning with Weber, supra, and continuing most recently with Chappuis, supra, seem to make it clear that fault on the part of the victim can preclude recovery in a products liability case even though a manufacturer's liability is considered as strict liability.
Weber held:
"A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated.. . ." (Emphasis added)
Chappuis held:
". . .If Chappuis knew, or should have known of the danger, and chose, nevertheless, to use the dangerous instrument, he would have shared the fault of the manufacturer, and could not recover. . . ."
Fault of the victim has been recognized as a defense in strict liability cases *661 under LSA-C.C. Art. 2316, et seq. Holland v. Buckley, 305 So.2d 113 (La.1974); Turner v. Bucher, 308 So.2d 270 (La.1975); Loescher v. Parr, 324 So.2d 441 (La.1976) and their progeny. It may not be necessary to characterize the victim's fault as either contributory negligence or assumption of risk. Compare, Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971); Richard v. Singer Lumber Co., Inc., 361 So.2d 955 (La.App. 4th Cir. 1978); Wilson v. Voss, 361 So.2d 312 (La.App. 1st Cir. 1978); Dixon v. Gutnecht, 339 So.2d 1285 (La.App. 1st Cir. 1976); Khoder v. AMF, Inc., 539 F.2d 1078 (5th Cir. 1976). The standard of conduct which amounts to victim-fault barring recovery in a products liability case should depend on the circumstances of the particular case, but ordinarily will be measured by application of the elements of assumption of risk, that is, full knowledge and appreciation of the danger or defect and a voluntary and unreasonable use of the product in the face of such knowledge.
We hold the split-rim wheel, as manufactured, was not defective in manufacture, composition or design, and was not unreasonably dangerous for normal use. We further hold that Watley's fault, in any event, bars his recovery and, consequently, that of the workmen's compensation insurer who paid him benefits. The defendant manufacturer is not liable and the judgment rejecting the workmen's compensation insurer's demands against the manufacturer is affirmed at appellant's costs.
Affirmed.