**Mrs. Doris COOK, Plaintiff-Appellant,**

**Fidelity and Casualty Company of New York, Intervenor-Appellant,**

v.

**McDONOUGH POWER EQUIPMENT, INC., Defendant-Appellee.**

No. 83–4101.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1983.

---

Jones, Jones & Alexander, J.B. Jones, Jr., Cameron, La., for Cook.

John S. Bradford, Lake Charles, La., for Fidelity & Cas. Co. of N.Y.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James E. Diaz, Frank H. Spruiell, Jr., Lafayette, La., for defendant-appellee.

Before CLARK, Chief Judge, GARZA and JOLLY, Circuit Judges.

PER CURIAM:

In this products liability action controlled by Louisiana law, plaintiff-appellant Doris Cook challenges the trial court's use of Federal Rule of Evidence 407 to exclude evidence showing recent design changes in the allegedly defective product. Finding that the district court correctly applied F.R.E. 407, we affirm.

Cook was injured in 1979 when operating a riding lawnmower manufactured in 1972 by defendant, McDonough Power Equipment, and sold in 1973. The mower did not have a deadman blade brake clutch (BBC), a device that stops the cutting blade when the operator leaves the mower. Cook was precluded from introducing evidence that since 1973, almost all riding lawnmower manufacturers, including McDonough Power, incorporate deadman BBC's in their mowers. The trial court applied Rule 407 * to limit the evidence of lawnmower design to the "state of the art" as it existed prior

---

* Rule 407 provides:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

to and in 1973. The jury found that the lawnmower was not defective.

*Weber v. Fidelity & Casualty Insurance Co.*, 250 So.2d 754 (La.1971), established the Louisiana law of products liability:

A manufacturer of a product which involves a risk of injury to the user is liable to any person ... who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect.

If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them.

250 So.2d at 755–56.

This court has interpreted *Weber* as adopting strict liability standards that are "substantially the same as the standards expressed" in Restatement (Second) of Torts Section 402A. *Welch v. Outboard Marine Corp.*, 481 F.2d 252, 256 (5th Cir. 1973); *see also Khoder v. AMF, Inc.*, 539 F.2d 1078, 1079 (5th Cir.1976). Section 402A provides:

(1) One who sells any product in a defective condition unreasonably dangerous ... is subject to liability ...

(2) The rule stated in subsection (1) applies although

    (a) The seller has exercised all possible care in the preparation and sale of this product ...

█ In *Grenada Steel Indus. v. Alabama Oxygen Co., Inc.*, 695 F.2d 883 (5th Cir.1983), this court held that Rule 407 is applicable to Section 402(A) products liability cases arising in Mississippi. The court reasoned:

The real question is whether the product or its design was defective at the time the product was sold .... The introduction of evidence about subsequent changes in the product or its design threatens to confuse the jury by diverting its attention from whether the product was defective at the relevant time to what was done later.

695 F.2d at 888. This reasoning applies as well to Louisiana products liability law. Both Louisiana law and Section 402(A) hold a product manufacturer liable for "unreasonably dangerous" products. Neither requires proof of negligence to support liability once the product is proved to be unreasonably dangerous.

Cook contends that *Grenada Steel* does not control because Louisiana law presumes that a manufacturer knows of a defect in his product. She cites F.R.E. 302, which states: "In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law." The state law to be applied, she concludes, is the presumption of knowledge, which precludes use of a "state of the art" defense to show the manufacturer's ignorance of the defect and thus renders Rule 407 inapplicable.

█ This argument is as flawed as it is confused. The exclusionary principle of Rule 407, as applied in products liability cases, is not to limit evidence bearing on the manufacturer's knowledge of defect, but to focus the evidence to that most relevant to proving defect at the time the product was sold. *See Grenada, supra.* Cook sought to introduce post-design modifications to prove that the lawnmower was defective: in essence, her argument that Rule 407 is inapplicable seeks to use Louisiana's presumption of knowledge of defect to prove defect. This she cannot do, for under Louisiana law, McDonough Power's knowledge of the defect could not be presumed until its product was proven defective. Therefore, the presumption could not be utilized to defeat an evidentiary rule applied to limit the evi-

dence to that most pertinent to proving defect.

The trial court correctly applied Rule 407. The judgment appealed from is

AFFIRMED.