Joyce E. WILLIAMS

v.

FIDELITY & CASUALTY CO. OF NEW YORK et al.

Joyce E. WILLIAMS

v.

PAN AMERICAN WORLD AIRWAYS, INC.

Civ. A. Nos. 76–2049 and 76–2851.

United States District Court, E. D. Louisiana.

Dec. 20, 1977.

Paul H. Due, Due, Dodson & deGravelles, Baton Rouge, La., for plaintiffs.

Peter T. Dazzio, Watson, Blanche, Wilson & Posner, Baton Rouge, La., for Fidelity & Casualty Co. of N. Y. and Commercial Insurance Co. of Newark, N. J.

E. Leland Richardson, Dale, Owen, Richardson, Taylor & Mathews, New Orleans, La., for The Travelers Insurance Co.

Frederick R. Bott, Deutsch, Kerrigan & Stiles, New Orleans, La., for Pan American World Airways, Inc.

## MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge.

These consolidated cases are actions by the survivors of Allen G. Williams for recovery for his injuries and death. It is alleged that upon disembarking from a Pan American airplane in Berlin, Germany, Mr. Williams slipped on the metal steps provided for that purpose and sustained injuries which led to his death.

One of the defenses urged by defendant, Pan American World Airways, Inc., is that the decedent was contributorily negligent in causing the accident and thus plaintiffs are barred from any recovery. Plaintiffs have filed a motion to strike this defense, in which they argue that the defense of contributory negligence is not available to the defendant air line because this cause of action arises under the Warsaw Convention as modified by the Montreal Agreement. 49 U.S.C. § 1502. Article 17 of the Warsaw Convention is couched in language which appears to provide for strict liability of an air carrier whenever injury occurs to a passenger. It is modified, however, by Article 20(1), which provides for a defense of "due care" and by Article 21, set out below, which allows a defense of contributory negligence:

> If the carrier proves that the damage was caused by or contributed to by the negligence of the injured person the court may, in accord with the provisions of its own law, exonerate the carrier wholly or partly from his liability.

As has been noted, the cumulative effect of Articles 17, 20(1) and 21 is merely to create a presumption of liability on the part of the air carrier. L. Kreindler, *Aviation Accident Law*, § 12A.07[1] at 12A–12; Lowenfield and Mendelsohn, *The United States and the Warsaw Convention*, 80 Harv.L.Rev. 497, 500 (1967). In 1966, largely in response to a United States threat of denunciation of the Warsaw Convention because of the excessively low dollar limit on recovery, a conference was held in Montreal. The outcome of this conference was the Montreal Agreement, under which signatory air carriers agreed, *inter alia*, to raise the limit of recovery to $75,000 for flights having a point in the United States as origin or destination. The parties to the Agreement also agreed to waive the defense of "due care" under Article 20(1) on such flights. The stipulated purpose of this latter portion of the agreement was to establish absolute liability on the part of the airlines signing the agreement. *See* Kreindler, *supra*, at 12A–13 *et seq.*; Lowenfield and Mendelsohn, *supra*, at 596 *et seq.* It was understood, however, that this would not affect the availability of the defense of contributory negligence under Article 21. Lowenfield and Mendelsohn, *supra*, at 571, n.253.

Plaintiffs argue that under Louisiana law, which applies here under the Warsaw Convention, contributory negligence is never a defense to a cause of action based on liability without fault. Therefore, under Article 21, plaintiffs reason that the provision of this Court's "own law" preclude the defense. To support this conclusion, they cite us to the recent case of *Khoder v. AMF, Inc.*, 539 F.2d 1078 (5 Cir. 1976), that dealt with the Louisiana law of products liability which does hold a manufacturer liable without fault. On close examination, it is evident that the narrow holding of this case is only that, under Louisiana law, contributory negligence is never a defense in a products liability case. That this is so is made more apparent by another recent Fifth Circuit decision, wherein it was noted that Louisiana law does recognize that under certain circumstances contributory negligence can be a defense to an action based on liability without fault. *Moczygemba v. Danos & Curole Marine Contractors, Inc.,*

561 F.2d 1149, 1153, n.8 (5 Cir. 1977). Since there is no Louisiana law [1] on the subject, we must determine how the Louisiana Supreme Court would likely rule on the matter. Since Louisiana law already recognizes this defense in certain actions based on strict liability, a Louisiana court, if faced with the issue, would, we believe, make the defense of contributory negligence available in an action based on the Warsaw Convention. This is especially so since the specific and clear intent of those who drafted both the Warsaw Convention and the Montreal Agreement was to make such defense available, even though the cause of action is based on liability without fault.

Plaintiffs have also pointed out that one of the major concerns at the Montreal meeting was that airline terrorists would be able to recover for any injuries connected to their crimes because of the Agreement's provisions establishing absolute liability. Accordingly, the Agreement stipulates that it does not affect the rights and liabilities of an airline with regard to anyone who willfully causes damage. Plaintiffs then argue that this provision would have been unnecessary if the drafters of the Agreement had intended that Article 21 would still be in effect. It is clear, however, that the willful injury provision was directed only at terrorists, and that the Agreement did not mention nor affect the contributory negligence defense contained in Article 21. It can only be assumed that if the Agreement was intended to affect Article 21 it would have said so, as is the case of the due care provision in Article 20(1).

Additionally, the Montreal Agreement, which established absolute liability, does not have the full force of law. It is a "quasi-legal and largely experimental system of liability that is essentially contractual in nature." Kreindler, *supra*, at 12A–2. The Warsaw Convention, on the other hand, is an international treaty that has been ratified. It clearly did not establish a system of strict liability nor unilaterally eliminate the defense of contributory negligence. We cannot strike the defense of contributory negligence merely because the Montreal Agreement, whose legal effect is uncertain, did establish a system of absolute liability by eliminating the defense of due care, while leaving the availability of the contributory negligence defense unchanged. Accordingly, plaintiffs' motion to strike the defense of contributory negligence is DENIED.

**1.** Perhaps the closest analogy in Louisiana law to the type of liability established in the Warsaw Convention is the system of liability set up by Louisiana Code Articles 670, 2322, 2693 and 2695, which make an owner-lessor liable for injuries caused by the condition of his premises. Even though Louisiana courts clearly hold landowners liable without fault under these code articles, they also recognize the existence of the defense of contributory negligence. *Krennerich v. WCG Investment Corp.*, 278 So.2d 842, 845 (La.App.1973).