**Lucia EICHLER, Plaintiff,**

v.

**LUFTHANSA GERMAN AIRLINES, Defendant.**

**No. 91 Civ. 8407 (CSH).**

United States District Court, S.D. New York.

July 7, 1992.

Ginsberg & Broome, P.C., New York City (Robert M. Ginsberg, of counsel), for plaintiff.

Law Offices of Stanley W. Zawacki & Therese B. Delisio, New York City (Stanley W. Zawacki, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Lucia Eichler, a passenger on an international flight operated by defendant Lufthansa German Airlines ("Lufthansa"), commenced this personal injury action in New York Supreme Court, New York County. Lufthansa removed the case to this Court pursuant to 28 U.S.C. § 1441. The basis for removal was this Court's original jurisdiction under the Foreign Sovereign Immunities Act of 1976. Lufthansa asserts without contradiction that it is a German corporation, a majority whose shares is owned by the Federal Government of Germany. Accordingly Lufthansa is an agency or instrumentality of a foreign state as defined by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a), and original jurisdiction exists in this court under § 1330.

Plaintiff now moves for summary judgment on her claim for $75,000 in damages or in the alternative for summary judgment on the issue of liability. Lufthansa opposes that motion and cross-moves to strike plaintiff's jury demand.

### I.

Plaintiff alleges that on November 3, 1991 she was booked on Lufthansa flight 404 departing Frankfurt, Germany at about 5:30 p.m. bound for Kennedy Airport, New York. In her affidavit accompanying her motion for summary judgment, plaintiff gives this account of her accident:

On November 3, 1991 I was a ticket [sic] passenger on Lufthansa Flight 404 departing Frankfurt for Kennedy Airport. At approximately 5:15 P.M. I had already been checked in, had proceeded through the gate, and had arrived on the

tarmac to within a few feet of the airplane. Various items of luggage had been left on the tarmac within a few feet of the airplane. I tripped and fell on one of these pieces of luggage severely injuring myself, particularly in the area of the right wrist.

The parties agree that the case is governed by the Warsaw Convention[1] and by the Montreal Agreement.[2] Article 17 of the Convention provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Plaintiff contends that Article 17 of the Convention imposes absolute liability upon Lufthansa for her injury sustained by reason of an "accident," subject to the Montreal Agreement's $75,000 limitation on damages, which plaintiff does not seek to exceed. Plaintiff seeks summary judgment in that amount, or in the alternative, summary judgment on the issue of liability and trial on the quantum of damages.

Resisting that motion, Lufthansa points to Article 21 of the Convention, which provides:

> If the carrier proves that the damage was caused by or contributed to by the negligence of the injured person the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability.

Lufthansa contends that the New York Law of comparative negligence constitutes the forum law made applicable by Article 21, and that a triable issue of fact precluding summary judgment exists with respect to plaintiff's negligence.

## II.

It is not at all clear that New York law constitutes forum law in the case at bar. Early authority under the Convention looked to state law with respect to the defense of contributory negligence under Article 21. *See Williams v. Fidelity & Casualty Co. of New York,* 442 F.Supp. 455 (E.D.La.1977). However, counsel for the parties at bar unaccountably fail to cite the Second Circuit's most recent decision construing the Convention, *In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267 (2d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). In *Lockerbie,* the Second Circuit considered whether the families of victims of an air crash covered by the Warsaw Convention could look to state law to assert claims for punitive damages. The Second Circuit answered that question in the negative, adopting instead "substantive federal common law as the law governing the cause of action under the Warsaw Convention." 928 F.2d at 1279.

While the case at bar involves contributory negligence, rather than punitive damages, the Court of Appeals' analysis in *Lockerbie* is broad enough to include contributory negligence as well. Thus Judge Cardamone's opinion states at 1274:

> Plaintiffs argue that, by use of such phrases as "the law of the court to which the case is submitted," Article 25 (limitations of liability lifted in cases of willful misconduct); *see Article 21 (contributory negligence),* Article 22 (periodic payments), Article 28 (procedural questions), and Article 29 (calculation of statute of limitations), the Convention left certain matters such as the elements of

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, *done* at Warsaw, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, *reprinted at* 49 U.S.C. App. § 1502 note, Warsaw Convention (1988).

2. Agreement Relating to Liability Limitations of the Warsaw Convention and Hauge Protocol, Agreement CAB 18900, Approved by Executive Order E–23680, May 13, 1966 (Docket 17325) (1966), reprinted in Civil Aeronautics Board, Aeronautical Statutes and Related Material 515–16 (1974) (Montreal Agreement). The Montreal Agreement raised the amounts recoverable under the Warsaw Convention and its Protocols for passengers on international flights with departure or destination points in the United States to $75,000.

damages to local law, by which the plaintiffs mean state law. Without delving too deeply into the Convention at this point, we see no reason to believe that the drafters meant to denote the laws of *subdivisions* within nations. (first emphasis added, second in original).

■ Accordingly I understand the present law in the Second Circuit to be that in a case falling under the Warsaw Convention, federal common law governs the effect of contributory negligence.

■ It makes no difference to the result, since the federal common law of tort applies the principle of comparative negligence. The federal common law of tort is frequently drawn from the general maritime law, as witnessed by the Second Circuit's reference to *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 409, 90 S.Ct. 1772, 1792, 26 L.Ed.2d 339 (1970) for the proposition that "[f]ederal common law of tort recognizes the right to a wrongful death recovery." 928 F.2d at 1279. It is well settled that the contributory negligence of passengers on vessels serves to reduce, not bar their recovery. *See, e.g., Andrews v. United States,* 801 F.2d 644, 650 (3rd Cir.1986); *Palmer v. Ribax, Inc.,* 407 F.Supp. 974, 979 (M.D.Fla.1976). *See also United States v. Reliable Transfer Co.,* 421 U.S. 397, 407, 95 S.Ct. 1708, 1713–14, 44 L.Ed.2d 251 (1975), in which the Court did away with the rule requiring an equal division of damages in every case of collision at sea based on mutual fault ("Every other major maritime nation has evidently been able to apply a rule of comparative negligence without serious problems, ... and in our own admiralty law a rule of comparative negligence has long been applied with no untoward difficulties in personal injury actions.")

■ Plaintiff's possible contributory negligence poses a significant issue in the case. To the extent that she was herself at fault, her recovery will be reduced. Plaintiff moves for summary judgment. On such a motion, "a court's responsibility is to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences

against the moving party." *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991) (citing *Knight v. U.S. Fire Insurance,* 804 F.2d 9 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987)). It is clear that plaintiff's own account of the accident permits (and accordingly requires for summary judgment analysis) the drawing of a reasonable inference of contributory negligence. She says that she had arrived on the tarmac within a few feet of the airplane. "Various items of luggage had been left on the tarmac within a few feet of the airplane." She tripped and fell over one of these pieces of luggage. We do not know what the condition of the lighting was in the area, or whether plaintiff could have avoided tripping over the piece of luggage. If plaintiff tripped over a visible piece of luggage which without difficulty she could have avoided, she was contributorily negligent.

This is not an appropriate case for summary judgment on the issue of liability.

### III.

■ Lufthansa's motion to strike plaintiff's jury demand is granted. This Court's subject matter jurisdiction over Lufthansa derives solely from the Foreign Sovereign Immunities Act. The statute provides only for a non-jury civil action. *See, e.g., Ruggiero v. Compania Peruana de Vapores,* 639 F.2d 872, 875–76 (2d Cir.1981). While as noted the case also falls under the Warsaw Convention, nothing in that treaty confers a right to a jury trial. Furthermore, the removal statute explicitly provides that upon removal of an action by a foreign state as defined in § 1603(a), the action shall be tried in federal court "without jury." 28 U.S.C. § 1441(d). *See Ruggiero* at 876, n. 9.

For the foregoing reasons, plaintiffs motion for summary judgment is denied. Defendant's motion to strike plaintiff's jury demand is granted.

It is SO ORDERED.