**Raviv LAOR, Plaintiff,**

v.

**AIR FRANCE, Defendant.**

**No. 97 Civ. 5284(RMB).**

United States District Court,
S.D. New York.

June 25, 1999.

Morton S. Robson, Robson, Miller & Frost, LLP, New York City, for plaintiff Raviv Laor.

Peter A. Frazier, Haight Gardner Holland & Knight, New York City, for defendant Air France.

### ORDER

BERMAN, District Judge.

## INTRODUCTION

At a pre-trial conference held before this Court on June 4, 1999, the issue of whether a bench trial is appropriate in the above-captioned matter was raised.

## PROCEDURAL HISTORY

On June 17, 1997, Plaintiff filed the original complaint in the Supreme Court of the State of New York in New York County (# 110914/97); no explicit request for a jury trial was included. On July 21, 1997, Defendant removed the action to Federal court before United States District Court Judge Michael B. Mukasey. The section on the administrative "Civil Cover Sheet" form where a party selects a jury trial or bench trial was left blank. On September 4, 1997, the Defendants filed an answer, and included as a separate defense: "Defendant Air France is an 'agency or instrumentality of a foreign state' within the meaning of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1603 *et seq.* As an 'agency or instrumentality of a foreign state', Defendant Air France is entitled to a non-jury trial pursuant to 28 U.S.C. § 1330." (Def.'s Ans. at 7).

On December 3, 1997, Judge Mukasey included in an Order reflecting a "pretrial conference held on November 25, 1997, as follows: . . . . (4) Defendant will move with respect to controlling law in this case and, *if necessary, to strike any jury demand by Plaintiff* by February 2, 1998. Plaintiff

1. This case is discussed infra p. 507.

will respond by February 23, 1998." (emphasis added). No jury demand was made, and several of these court dates were later rescheduled. On February 2, 1998, Defendant moved for an order that the controlling law in regard to the issue of punitive damages was French law, and filed the affirmation of Joan Gabel, the U.S. Counsel for Air France. Gabel asserted that "[t]he Government of France has the majority ownership interest in Air France." (See Gabel Aff. ¶ 8). Defendant then addressed the issue of a jury trial in a footnote, "Air France was also instructed by the Court to resolve the issue of the availability of a jury trial in this matter. However, *because Plaintiff did not file a demand for jury trial* no action is necessary. Even if he had sought a jury trial, Air France, as an agency of a foreign state, is entitled to proceed without a jury. *Ruggiero v. Compania Peruana De Vapores*[1]" (Def.'s Mem. of Law 2/2/98 at 2, n. 2) (emphasis added).

On April 13, 1998, Plaintiff filed a response, but still did **not** mention the issue of the jury trial. Plaintiff acknowledged Defendant's argument that Air France is an instrumentality of France, stating: "Air France is an 'instrumentality' of France. *See, e.g. Gazder v. Air India*, 574 F.Supp. 134 (S.D.N.Y.1983) [ (accepting that Air India, a corporation owned by the Government of India, is an instrumentality of the State of India) ]." (Plaintiff's Response at 6, n. 3).

On December 17, 1998, Judge Mukasey issued an "Opinion and Order on Choice of Law." Judge Mukasey affirmed that "[m]ajority ownership of Air France by the Government of France qualifies the carrier as an 'agency or instrumentality of a foreign state,' 28 U.S.C. § 1603, and therefore, the FSIA is this Court's sole basis for jurisdiction." (Mukasey Opinion at 2). Finding that the Warsaw Convention governed, Judge Mukasey barred Plaintiff's claims for punitive damages; he also rejected Plaintiff's argument that the Warsaw Con-

vention did not apply on Plaintiff's theory that the incident constituted an intentional tort, and not a terrorist or emergency situation. Judge Mukasey determined that the incident is inseparable from the outcome, and "[b]ecause Plaintiff's alleged injuries were caused by an 'accident' within the meaning of the Warsaw Convention, the Convention provides the exclusive remedy and the state law claims are preempted." (Mukasey Opinion at 6).

## NON JURY TRIAL FOR FOREIGN STATES

 Federal Rule of Civil Procedure 38 provides "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed.R.Civ.P. 38(a). Even when parties have not demanded a jury trial, the court can order issues to be tried by jury. Fed.R.Civ.P. 39(b). However, in an action against a foreign state or entity, a bench trial is appropriate according to the Foreign Sovereign Immunities Act of 1976, as reflected in 28 U.S.C. §§ 1330, 1391(f), 1441, 1441(d), 1602–1611. See 8 James WM. Moore et al., *Moore's Federal Practice* ¶ 38.41(2)(a) (3d ed.1998). "The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in § 1603(a) of this title...." 28 U.S.C. § 1330(a). According to 28 U.S.C. § 1603,

> (a) A 'foreign state' ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b). (b) An 'agency or instrumentality of a foreign state' means any entity—(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision

thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

 When a case does not originate in Federal court, a foreign sovereign can remove the case from state court to Federal court, where "**[u]pon removal the action shall be tried by the court without a jury.**" 28 U.S.C. § 1441(d) (emphasis added). When an action that does not involve a foreign state is removed from state court to Federal court without a jury demand having been made, the decision of whether to grant a jury trial is within the discretion of the Court. *See Thompson v. Beth Israel Medical Center,* 1998 WL 689937 at *2 (S.D.N.Y.); *Reliance Electric Company v. Exxon Capital Corporation,* 932 F.Supp. 101, 103 (S.D.N.Y.1996).

In a case involving a foreign state, however, a bench trial is mandated by the language of 28 U.S.C. § 1441(d). "Thus, an airline passenger was found to have no right to a trial by jury, in a action under the Warsaw Convention for injuries sustained while boarding the airplane, once the airline, which was an instrumentality of a foreign state, removed the action to Federal court." 8 *Moore' Federal Practice,* ¶ 38.41(2)(c) (citing *Eichler v. Lufthansa German Airlines,* 794 F.Supp. 127, 130 (S.D.N.Y.1992)).

Federal appeals courts have consistently upheld the rule of non-jury trials in actions against foreign sovereigns. *See* 8 *Moore's Federal Practice,* ¶ 38.41(2)(d). In *Ruggiero v. Compania Peruana De Vapores,* 639 F.2d 872 (2d Cir.1981), the Court of Appeals for the Second Circuit determined that lawsuits against a foreign state do not include the right to a jury trial under the Seventh Amendment to the United States Constitution in a case where the lawsuit originates in federal court.[2] Examining

---

2. The *Ruggiero* Court stated, "The courts must learn to accept that, in place of the familiar dichotomy of federal question and diversity

jurisdiction, the Immunities Act has created a tripartite division [:] federal question cases, diversity cases and actions against foreign

the House and Senate Reports dealing with the FSIA, the Court concluded that, "the principle that foreign states as defendants, in the broad sense defined in § 1603, shall not be subject to jury trial in the federal courts, and can avoid such a trial in the state courts by removal, was set forth by Congress with clarity." 639 F.2d at 881. *See also Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1101 (2d Cir.1986), *cert. denied*, 484 U.S. 826, 108 S.Ct. 94, 98 L.Ed.2d 54 (1987).

In the instant case, a jury demand was never properly made. Even if the demand had been made, it would not be granted as Defendant is an "agency or instrumentality of a foreign state" according to 28 U.S.C. § 1603.

## CONCLUSION

For the reasons stated above and pursuant to 28 U.S.C. § 1441(d), this Court determines that this matter will be tried by the Court and the parties are directed forthwith to prepare for trial.

states. If a case falls within the third division, there is to be no jury trial even if it might also come within one of the other two." 639 F.2d at 876 (footnote omitted).